# United States Court of Appeals
## For the First Circuit

No. 13-2170

UNITED STATES OF AMERICA,

Appellee,

v.

GIOVANNY ZAPATA-VÁZQUEZ,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Torruella, Kayatta, and Barron,
Circuit Judges.


Lydia Lizarríbar-Masini on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.


January 30, 2015

**KAYATTA, Circuit Judge**.  Defendant-appellant Giovanny Zapata-Vázquez ("Zapata") appeals the district court's imposition of an above-Guidelines prison sentence of 72 months after he pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Finding no error, we affirm.

## I. Background

Because this appeal follows a guilty plea, we derive the facts from the plea agreement, the change-of-plea colloquy, the unchallenged portions of the presentence investigation report, and the sentencing hearing transcript.  United States v. Ocasio-Cancel, 727 F.3d 85, 88 (1st Cir. 2013).  Patrolling police officers approached Zapata and two other individuals after the officers observed the group in an abandoned residence and smelled marijuana. The officers seized 64 small bags of cocaine base ("crack cocaine") and a loaded 9mm pistol.  Zapata admitted that the firearm and drugs belonged to him, and then consented to a search of his vehicle.  He told the officers that they would find marijuana, two loaded magazines, and a large amount of cash, all of which the officers did find.  At the time of the offense, Zapata was on probation for a local drug distribution offense.

Zapata was charged with one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug crime, 18

U.S.C. § 924(c)(1)(A). Zapata pleaded guilty to the firearm offense.[1] According to a written plea agreement entered pursuant to Fed. R. Crim. P. 11(c)(1)(B), Zapata and the government recommended a prison sentence of 60 months, which was the Guidelines sentence for the offense. See U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A)(i). Although the district court "perfectly underst[oo]d the reasons why the parties . . . recommended a sentence of 60 months, because of the fact that Mr. Zapata came forth immediately and admitted what he did," the court nonetheless imposed a variant sentence of 72 months primarily because of the seriousness of the firearm offense in a community, like Puerto Rico, where such crimes are pervasive, and because Zapata was on probation at the time of the offense. Zapata now challenges the reasonableness of his variant sentence.

## II. Analysis

We review the reasonableness of a sentence for an abuse of discretion. United States v. Del Valle-Rodríquez, 761 F.3d 171, 176 (1st Cir. 2014). We first look for procedural error, including "failing to consider appropriate sentencing factors, predicating a sentence on clearly erroneous facts, or neglecting to explain the rationale for a variant sentence adequately." Id. Our review then shifts to the substantive reasonableness of the sentence. Id.

---

[1] The district court dismissed the drug distribution count at the government's request.

There is no basis for any of Zapata's claims of procedural error. He first claims that the district court failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors, especially the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Here, the district court announced that it "ha[d] reviewed the guideline calculations," and "ha[d] also considered the other sentencing factors set forth in Title 18, United States Code section 3553(a)." This statement "is entitled to some weight." United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014) (quoting United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011)). "[P]arsing through [the section 3553(a) factors] mechanically is not" required. Id. Here, the district court did expressly consider various factors, including the nature, circumstances, and seriousness of the offense, Zapata's background, adequate deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(1), (2)(A)-(C). To the extent that Zapata complains that the district court failed to consider rehabilitation, id. § 3553(a)(2)(D), the district court's acknowledgment of his history of drug abuse and recommendation of a drug treatment program (if Zapata qualified) belies his complaint.

Zapata's other claim of procedural error--that the district court placed too much emphasis on the prevalence of

firearms and violent crime in Puerto Rico without regard to the specific circumstances of his case--fares no better. It is well-settled that the sentencing court may take into account the characteristics of the community in which the crime took place when weighing the offense's seriousness and the need for deterrence. United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013) ("[T]he incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence."); United States v. Politano, 522 F.3d 69, 74 (1st Cir. 2008) ("In considering the characteristics of [a] community, the district court has the authority to conclude that the impact of [a] particular offense is more serious than that reflected by the Sentencing Commission."). Here, the district court could properly take into account its view that "[t]his type of crime" is "pervasive" in Puerto Rico and "more serious . . . than if [it] had occurred in a less violent society." The district court "has broad discretion to assay [sentencing factors] and need not afford equal weight to each factor in a given case," but "may not go too far" in emphasizing community-based rather than case-specific factors. Flores-Machicote, 706 F.3d at 23-24. The sentencing judge underscored community characteristics, but not at the expense of also weighing the specific circumstances of Zapata's case--the precise gun at issue and its connection to a particular crime, Zapata's background and probation status, and his acceptance of

responsibility. See United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014).

Zapata's claim of substantive unreasonableness essentially repackages his argument that the court placed too much weight on community considerations at the expense of other sentencing factors, including the need for rehabilitation and Zapata's cooperation with police. The hallmarks of a substantively reasonable sentence are "a plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Here, the district court relied primarily on the seriousness of firearm offenses in Puerto Rico and the fact that Zapata committed the current offense while on probation for a drug offense conviction. The district court further found that a 60-month sentence would not meet the goals in section 3553(a)(2) because such a sentence "does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by Mr. Zapata and does not address the issues of deterrence and punishment." These reasons were enough to form a plausible rationale for a variant sentence. See Flores-Machicote, 706 F.3d at 25. Likewise, these same considerations adequately justified the magnitude of the twelve-month upward variance. See id. (five-year sentence that was nineteen months above top of guidelines range was substantively reasonable for firearm possession offense). In any given case

there is "a range of reasonable sentences," and Zapata's sentence does not "fall[] outside the expansive boundaries of that universe." <u>Martin</u>, 520 F.3d at 92.

### III. Conclusion

For the foregoing reasons, we <u>affirm</u>.