# United States Court of Appeals
## For the First Circuit

No. 14-2209

UNITED STATES OF AMERICA,

Appellee,

v.

EDGARDO L. BERMÚDEZ-MELÉNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Thompson, Selya and Barron,
Circuit Judges.

José L. Nieto-Mingo and Nieto Law Offices on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Tiffany V. Monrose, Assistant United States Attorney, on brief for appellee.

June 28, 2016

**SELYA**, **Circuit Judge**.    In this sentencing appeal, defendant-appellant Edgardo L. Bermúdez-Meléndez mounts a multi-faceted challenge to his upwardly variant sentence for a firearms offense.  After careful consideration, we affirm.

## I.

Inasmuch as this appeal trails in the wake of a guilty plea, we draw the facts from the non-binding plea agreement (the Agreement), the change-of-plea colloquy, the undisputed portions of the presentence investigation report (PSI Report), and the transcript of the disposition hearing.  See United States v. Almonte-Nuñez, 771 F.3d 84, 86 (1st Cir. 2014).  On November 27, 2013, Puerto Rico police officers executed a search warrant at the appellant's residence in Guaynabo.  Upon their arrival, the appellant fled into a wooded area near the house, jumped off a small cliff, and broke both legs.  A subsequent inspection of the fallen man and his possessions revealed quantities of powdered cocaine, crack cocaine, and marijuana, an AK-47 assault rifle, and a collection of magazines and ammunition.  More magazines and ammunition, along with a Glock pistol, were found in the appellant's living room.

In due season, a federal grand jury returned a four-count indictment.  Counts 1 through 3 charged the appellant with a litany of drug-trafficking crimes, while count 4 — the only count in issue here — charged him with possession of a firearm in

- 2 -

furtherance of a drug-trafficking crime.   See 18 U.S.C. § 924(c)(1)(A).   After initially maintaining his innocence, the appellant relented and entered into the Agreement, in which he agreed to plead guilty to count 4 in exchange for the dismissal of the other charges.   Among other things, the Agreement memorialized a joint sentencing recommendation of 72 months' immurement.

At the change-of-plea hearing, the district court accepted the appellant's guilty plea to count 4 and ordered the preparation of the PSI Report.   In the completed Report, the probation office noted that the statute of conviction required a minimum 60-month term of imprisonment.   See 18 U.S.C. § 924(c)(1); USSG §2K2.4(b).   It further noted that it had identified no factors demanding an upward variance (but it did not foreclose the possibility of such a variance).

At sentencing, the parties urged the district court to impose the agreed 72-month sentence.   The court demurred, concluding that a stiffer sentence was in order.   It then meted out a 90-month incarcerative term.[1]   This timely appeal ensued.

## II.

We pause at the threshold to brush aside the waiver-of-appeal clause contained in the Agreement.   That clause conditioned the waiver on the imposition of a sentence in "accordance with the

---

[1] The court, in pursuance of the Agreement, also dismissed the three remaining counts.

terms and conditions set forth in the Sentence Recommendation provisions of [the Agreement]."  The sentence levied by the district court was not within the compass of the Sentence Recommendation provisions.  It follows that the waiver-of-appeal clause is a dead letter and does not pretermit this appeal.  See, e.g., United States v. Vargas-García, 794 F.3d 162, 165 n.2 (1st Cir. 2015).

## III.

This brings us to the appellant's asseverational array. It is familiar lore that we review challenges to the reasonableness of a sentence by means of a two-step pavane.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  We begin by examining assignments of procedural error, which include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range."  Gall, 552 U.S. at 51.  Once this hurdle is cleared, we then appraise the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Id.

In determining substantive reasonableness, substantial respect is due to the sentencing court's discretion. See id. This deferential approach recognizes that though "[a] sentencing court is under a mandate to consider a myriad of relevant factors . . . the weighting of those factors is largely within the court's informed discretion." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). Even with respect to an upwardly variant sentence, an appellate court "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

In carrying out these tasks, our standard of review is for abuse of discretion. See id.; United States v. Narváez-Soto, 773 F.3d 282, 285 (1st Cir. 2014). We caution, however, that this standard of review is not monolithic: within it, we review conclusions of law de novo and findings of fact for clear error. See Narváez-Soto, 773 F.3d at 285; United States v. Walker, 665 F.3d 212, 232 (1st Cir. 2011).

## A.

Against this backdrop, we turn first to the appellant's claims of procedural error. To this end, the appellant argues that the district court failed to give an adequate explanation for the sentence imposed and, in the bargain, failed to make an individualized assessment of his history and characteristics. He

- 5 -

adds that the district court mischaracterized his inventory of weapons and ammunition.  We deal with these claims of procedural error one by one.  Because none of them was raised below, "the plain error standard supplants the customary standard of review." United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010).

Review for plain error is not appellant-friendly.  That review "entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

## 1.

The appellant's principal procedural challenge implicates 18 U.S.C. § 3553(c), which obliges a sentencing court to "state in open court the reasons for its imposition of the particular sentence."  This statutory imperative has consistently been "read in a practical, common-sense way," Dávila-González, 595 F.3d at 48, mindful that the adequacy of a sentencing court's explanation must be judged case by case.

Even so, a sentencing court need not "be precise to the point of pedantry."  United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).  To satisfy its burden of explanation, the sentencing court need do no more than identify the main factors

behind its decision.  See United States v. Sepúlveda-Hernández, 817 F.3d 30, 33 (1st Cir. 2016).

In the case at hand, there is no applicable guideline sentencing range; the statutory mandatory minimum sentence (here, 60 months) is the guideline sentence.  See USSG §2K2.4(b), comment. (n.2); see also Vargas-García, 794 F.3d at 166; United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015).  In such a situation — that is, when application of the sentencing guidelines yields a singular guideline sentence rather than a guideline sentencing range — a sentence in excess of the guideline sentence should be treated as an upward variance.  See United States v. Oquendo-Garcia, 783 F.3d 54, 56 (1st Cir. 2015).  Thus, the sentence imposed below was the functional equivalent of an upward variance of 30 months.  This is potentially important because an upwardly variant sentence usually requires a fuller explanation than a guideline sentence.  See Gall, 552 U.S. at 50; United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016).

At the disposition hearing, the district court commented upon the appellant's frequent brushes with the law, the seriousness of the offense of conviction, and the need to promote both deterrence and respect for the law.  The court then noted the joint sentencing recommendation[2] and stated: "I don't think that that is

---

[2] The court recalled the joint sentencing recommendation as 70 months' imprisonment, not 72 months' imprisonment.  Obviously, the

enough considering the nature of the firearms, the amount of ammunition, the kind of magazines, the whole bit.  It's an arsenal . . . ."

This explanation is lean, but we think it sufficient to withstand plain error review.  After all, the appellant had assembled an impressive array of munitions: an AK-47 assault rifle, at least 11 high-capacity magazines, roughly 270 rounds of ammunition (in various calibers), and a Glock pistol.  To make matters worse, he possessed these munitions in close proximity to a trove of illegal drugs.  Where — as here — "the record permits a reviewing court to identify both a discrete aspect of an offender's conduct and a connection between that behavior and the aims of sentencing, the sentence is sufficiently explained to pass muster under section 3553(c)."  United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010).

This conclusion is strengthened by the fact that the appellant himself acknowledged the appropriateness of an upward variance: he agreed to the imposition of a 72-month sentence (an upward variance of 12 months over the guideline sentence).  The sentencing court's determination that the gravity and circumstances of the offense of conviction warranted an additional 18 months of imprisonment was not plain error.

court misspoke.  In context, though, this slip of the tongue is inconsequential.

Nor is there any basis here for the appellant's suggestion that the district court was obliged to explain why it rejected the parties' joint recommendation for a 72-month sentence. See United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015). Although a sentencing court typically has a duty to explain why it selected a particular sentence, it has "no corollary duty to explain why it eschewed other suggested sentences." United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014).

## 2.

The appellant's second claim of procedural error posits that the district court did not individualize his sentence and, thus, overlooked some sentencing factors. But at the disposition hearing, the court clearly indicated its awareness of the appellant's personal history and characteristics. For example, it engaged explicitly with the appellant's drug consumption, the absence of any mental health issues, and the like. There is no reason to believe that the court neglected to factor this information into the sentencing calculus. For aught that appears, the appellant's real complaint is not that the court ignored his history and personal characteristics but that it weighed those factors less favorably than he would have liked. Assigning weight to pertinent sentencing factors is, within wide limits, a prototypical exercise of a sentencing court's discretion, see

- 9 -

Rivera-González, 776 F.3d at 50, and those wide limits were not exceeded here.

## 3.

The appellant's procedural challenge has a final facet: he attacks the district court's use of the term "arsenal" in describing the assortment of firearms and ammunition at his residence.[3] This attack is easily repulsed.

While the court may have engaged in hyperbole, sentencing courts are entitled to broad latitude in their linguistic choices. Consequently, gratuitous rhetorical flourishes, without more, will not render a sentence infirm. See United States v. Flores-Machicote, 706 F.3d 16, 22-24 (1st Cir. 2013). So it is here: the court's meaning was clear, and its use of the term "arsenal" in no way compromised the legitimacy of the sentence imposed.

## B.

Having cleared the procedural hurdles, we come next to the appellant's assertion that the length of his sentence renders it substantively unreasonable. This assertion rests largely on

---

[3] For example (as quoted above), the court said when it pronounced sentence: " . . . considering the nature of the firearms, the amount of ammunition, the kind of magazines, the whole bit. It's an arsenal . . . ." To cite another example, the court remarked, at an earlier point during the disposition hearing, "when you have this [sic] kind of firearms, this is what you call an arsenal."

his plaint that the district court relied too heavily on acts of violence in the general community in formulating an overly harsh sentence.

Even though the appellant did not advance this claim of error below, the standard of review is in doubt. See Ruiz-Huertas, 792 F.3d at 228 (discussing conflicting case law with respect to application of plain error standard to claims that a sentence is substantively unreasonable). We need not answer that open question today: assuming, favorably to the appellant, that review is for abuse of discretion, the claim of error founders.

The "touchstone of abuse of discretion review in federal sentencing is reasonableness." United States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011). Reasonableness is itself an inherently fluid concept. See Martin, 520 F.3d at 92. In any given case, "[t]here is no one reasonable sentence . . . but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592.

A challenge to the substantive reasonableness of a sentence pivots on whether the sentencing court has offered a plausible rationale for the sentence and whether the sentence itself represents a defensible outcome. See United States v. Madsen, 809 F.3d 712, 720 (1st Cir. 2016); Martin, 520 F.3d at 96. In this instance, the sentencing court's rationale was plausible. As we already have explained, the court's reasoning stressed the

nature of the firearms, the quantity and variety of ammunition, and the diverse assortment of magazines found in the appellant's possession. Additionally, the court noted the seriousness of the offense, the need to promote both deterrence and respect for the law, and the appellant's past difficulties with the authorities. So viewed, the upwardly variant sentence was grounded in a plausible sentencing rationale and "serve[d] the objectives of sentencing." Kimbrough v. United States, 552 U.S. 85, 91 (2007).

To be sure, the district court did embellish this rationale. For example, it stated during the disposition hearing, "How many more, how many more firearms are we going to allow on the streets of this island? How many more acts of violence?" Spotlighting such comments, the appellant suggests that the court's sentencing rationale was tainted by its concerns about community-based considerations. We do not agree.

We have squarely held that a district court may consider community-based and geographic factors in formulating its sentence. See Flores-Machicote, 706 F.3d at 22-23. The court here did not stray beyond this limited grant of authority: though it decried the pervasive problems associated with violent crimes in Puerto Rico, it did so only glancingly — and then, only in connection with the need for deterrence. Throughout, the court remained attentive to the particulars of the appellant's case and (as noted above) engaged with his personal history and

characteristics. So, too, the court took into account the stark fact that the appellant used his dwelling as a storage facility for guns, magazines, and ammunition. Under these circumstances, we discern no abuse of discretion in the sentencing court's linkage between community-based considerations and the need for deterrence.

Nor does the length of the appellant's sentence (90 months) seem indefensible. The offense of conviction is quite serious, the circumstances of its commission are particularly troubling, and the sentence imposed represents only a modest increase over the sentence (72 months) that the appellant himself thought condign. Seen in this light, the sentence fits comfortably within the universe of reasonable sentencing outcomes. We therefore reject the claim of substantive unreasonableness.

## IV.

We need go no further. For the reasons elucidated above, the appellant's sentence is


**Affirmed.**

- 13 -