**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1755

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO VÁZQUEZ-MÉNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

Elizabeth Billowitz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

July 11, 2016

**SELYA**, **Circuit Judge**.   Defendant-appellant Pedro Vázquez-Méndez challenges his upwardly variant sentence on both procedural and substantive grounds.   Discerning no reversible error, we affirm.

The critical facts are uncontested.   On November 26, 2014, the appellant was operating a motor vehicle on a public highway in Ponce, Puerto Rico.   Police officers attempted to pull him over, but the appellant ignored them and sped away.   When the appellant eventually stopped, a passenger jumped out of his vehicle and ran, brandishing a firearm.   The police observed — in plain sight within the vehicle — a magazine loaded with rounds of ammunition and a clear bag of a substance later confirmed to be marijuana.   A subsequent search revealed that the appellant was also in possession of a quantity of heroin.

In due course, a federal grand jury sitting in the District of Puerto Rico returned a five-count indictment against the appellant and his passenger (who by then had been apprehended). The appellant was charged with various firearms and drug-related offenses.   After initially maintaining his innocence, the appellant entered into a plea agreement (the Agreement) with the government and pleaded guilty to two of the counts lodged against him: knowingly possessing a firearm in furtherance of a drug-trafficking crime (count 1), see 18 U.S.C. § 924(c), and possessing

- 2 -

marijuana with intent to distribute (count 3), see 21 U.S.C. § 841(a)(1).

In pertinent part, the Agreement provided that the remaining charges against the appellant would be dismissed and that the parties would jointly recommend a 60-month incarcerative sentence on the firearms charge. The Agreement also contained a waiver-of-appeal clause, which provided that the appellant would waive his right to appeal if sentenced in accordance with the sentencing recommendation memorialized in the Agreement.

The district court accepted the plea, and the probation department compiled a presentence investigation report (the PSI Report). The Report noted that the firearms offense limned in count 1 carried a statutory mandatory minimum term of imprisonment of 60 months, to run consecutive to the sentence imposed on any other count. See 18 U.S.C. § 924(c). The Report further noted that the guideline sentencing range for the marijuana distribution charge was 0 to 6 months. Finally, the Report noted that — based on the seriousness of the offense charged in count 1 — the sentencing court could consider an upward departure under USSG §5K2.21.

The disposition hearing was convened on June 2, 2015. The government stood by the sentencing recommendation in the Agreement and urged the imposition of a 60-month sentence. The court demurred, focusing primarily on the perceived need for

deterrence and the appellant's unattractive criminal history. It paid particular heed to the appellant's prior convictions for drug and gun offenses and to the fact that he had committed the instant offenses while he was still serving a supervised release term referable to one of those convictions. In the end, the court sentenced the appellant to a 72-month term of immurement on count 1 and a 6-month term of immurement on count 3.[1] The court specified that these terms would run consecutively with each other and consecutive to the 35-month term of imprisonment separately imposed for the revocation of the appellant's supervised release.

This timely appeal ensued. The parties acknowledge that the waiver-of-appeal clause does not pretermit this appeal because the sentence imposed exceeded the parameters of the sentencing recommendation contained in the Agreement. See, e.g., United States v. Rivera-González, 776 F.3d 45, 48-49 (1st Cir. 2015). We agree.

"We review challenges to the reasonableness of a sentence in line with a two-step pavane." Rivera-González, 776 F.3d at 48; see United States v. Martin, 520 F.3d 87, 92 (1st Cir.

---

[1] Although the Agreement contained a joint recommendation for a non-incarcerative sentence on the marijuana distribution charge (count 3), the appellant's brief makes no separate challenge to the six-month sentence imposed on that count. Thus, even though the appellant from time to time refers to his sentence as "a 78-month sentence," we treat his appeal as challenging only the upwardly variant sentence imposed on count 1, not the within-the-range sentence imposed on count 3.

2008). First, we examine claims of procedural error. See Rivera-González, 776 F.3d at 48. Once this hurdle is cleared, we proceed to weigh any challenge to the substantive reasonableness of the sentence. See id.

In conducting this tamisage, our overall review is for abuse of discretion. See Martin, 520 F.3d at 92. Claims of procedural error, however, trigger a more nuanced standard. With respect to such claims, "we assay the district court's factfinding for clear error and afford de novo consideration to its interpretation and application of the sentencing guidelines." United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). This standard may, of course, be altered when a party has failed seasonably to object in the proceedings below. In that event, review is for plain error. See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015).

Plain error is not an appellant-friendly standard. It requires an appellant to establish "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

With these standards of review in place, we turn first to the appellant's specific claims of procedural error: his claim

that the district court did not sufficiently weigh key sentencing factors and his claim that the district court based its sentencing determination on improper considerations. Because neither of these claims was preserved below, our review is only for plain error.

We start with the appellant's contention that the sentencing court failed to give due consideration to key factors made relevant by 18 U.S.C. § 3553(a) — specifically, the appellant's personal characteristics and the nature and circumstances of the offense. This contention is woven entirely out of speculation: at sentencing, the district court explicated both the appellant's personal history and his litany of previous offenses. The court likewise noted that the offenses of conviction occurred a mere six months into the appellant's ongoing supervised release term. No more was exigible: it is readily apparent that the appellant's "real complaint is not that the court failed to consider the section 3553(a) factors, but that the court did not assign the weight to certain factors that the [appellant] thought appropriate." Ruiz-Huertas, 792 F.3d at 227. Seen in this light, plain error is plainly absent. See id.; see also United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011) (explaining that "the weighting of [sentencing] factors is largely within the court's informed discretion").

- 6 -

The appellant's remaining claim of procedural error posits that the district court improperly premised the sentence on community-based and geographic factors (including concerns about the local crime rate) rather than on an individualized assessment of his circumstances. This claim, too, lacks force.

We have made pellucid that a "sentencing court may take into account the characteristics of the community in which the crime took place when weighing the offense's seriousness and the need for deterrence." United States v. Zapata-Vázquez, 778 F.3d 21, 23 (1st Cir. 2015). Thus, community-based factors and the concomitant need for deterrence are "widely recognized" as important ingredients in the sentencing calculus. Flores-Machicote, 706 F.3d at 23; accord Rivera-González, 776 F.3d at 50-51.

To be sure, a sentencing court may not place too heavy a thumb on the scale: it may not unduly weigh community-based considerations to the detriment of case-specific factors. But within wide limits, the weighing of relevant section 3553(a) factors, including community-based considerations, remains within the sentencing court's sound discretion. See Zapata-Vázquez, 778 F.3d at 24; Flores-Machicote, 706 F.3d at 23. The case at hand falls comfortably within the encincture of this discretion.

Here, the court explicitly considered the appellant's personal history and the nature and circumstances of the offenses

of conviction. Its consideration of the local crime rate and the prevalence of gun violence in Puerto Rico was relatively brief and tied specifically to the need for deterrence; it hardly came "at the expense of" case-specific factors. Zapata-Vázquez, 778 F.3d at 24. In the last analysis, we discern nothing approaching plain error in the sentencing court's references to local conditions in Puerto Rico.

This brings us to the appellant's claim that his sentence is substantively unreasonable. Though this claim was not raised below, the standard of review for an unpreserved challenge to the substantive reasonableness of a sentence is uncertain. See United States v. Pérez, 819 F.3d 541, 547 (1st Cir. 2016); Ruiz-Huertas, 792 F.3d at 228 & n.4. Here, however, we need not resolve this uncertainty. Even assuming, favorably to the appellant, that the abuse of discretion standard prevails, the challenged sentence easily passes muster.

The appellant's principal asseveration is that his personal history "does not justify additional punishment beyond that requested by the [g]overnment and suggested by the guidelines." The lens through which we must view this asseveration is well-defined: a sentence is substantively reasonable when it rests on a "plausible sentencing rationale" and betokens a "defensible result." Martin, 520 F.3d at 96. The mere fact that the sentencing court varies upward from the guidelines does not

make a sentence substantively unreasonable.[2]  See Flores-Machicote, 706 F.3d at 25 ("[E]ven a substantial variance does not translate, ipso facto, into a finding that the sentence is substantively unreasonable.").

Challenging a sentence as substantively unreasonable is an uphill climb.  We will vacate a sentence on this ground "if — and only if — the sentencing court's ultimate determination falls outside the expansive boundaries of [the] universe" of reasonable sentences.  Martin, 520 F.3d at 92.

In this instance, the sentencing court provided an eminently plausible rationale for imposing a 72-month sentence. That rationale emphasized the appellant's checkered criminal past, the commission of the offenses of conviction only six months into a supervised release term for an earlier conviction, and the patent need for deterrence.  By the same token, a 72-month term of immurement is wholly defensible.  Though the sentence varied upward from the guideline sentence, that 12-month variance is entirely commensurate with the aggravating factors that are apparent in this case.

---

[2] As we recently have explained, the statutory mandatory minimum sentence applicable here (60 months) is the guideline sentence.  See United States v. Bermúdez-Meléndez, ___ F.3d ___, ___ (1st Cir. 2016) [No. 14-2209, slip op. at 7].  When, as now, "application of the sentencing guidelines yields a singular guideline sentence rather than a guideline sentencing range . . . a sentence in excess of the guideline sentence should be treated as an upward variance."  Id.

Nor does the fact that the district court chose to deviate from the parties' joint sentencing recommendation render the sentence substantively unreasonable. As we have explained, the relevant inquiry must focus on the substantive reasonableness of the sentence actually imposed, not on the relative merits of that sentence as contrasted with a different sentence mutually agreed to by the parties. Cf. United States v. Bermúdez-Meléndez, ___ F.3d ___, ___ (1st Cir. 2016) [No. 14-2209, slip op. at 9] ("Although a sentencing court typically has a duty to explain why it selected a particular sentence, it has 'no corollary duty to explain why it eschewed other suggested sentences.'" (quoting United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014))).

That ends this aspect of the matter. It is common ground that "[r]easonableness entails a range of potential sentences, as opposed to a single precise result." United States v. Dixon, 449 F.3d 194, 204 (1st Cir. 2006). Here, the challenged sentence unarguably falls within the range of reasonable sentences.

We need go no further. For the reasons elucidated above, the sentence is

**Affirmed.**

- 10 -