**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1421

UNITED STATES OF AMERICA,

Appellee,

v.

ADAM HILL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Molly Butler Bailey and Strike, Gonzales & Butler Bailey on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Benjamin M. Block, Assistant United States Attorney, on brief for appellee.

April 10, 2017

**Per Curiam**.  Defendant-appellant Adam Hill pleaded guilty to possession with intent to distribute both heroin and cocaine in and around Sanford, Maine.  See 21 U.S.C. § 841(a)(1). The district court determined that his guideline sentencing range (GSR) was 84 to 105 months, and sentenced Hill to serve a sentence at the nadir of the range: 84 months.  Hill appeals.  We summarily affirm.  See 1st Cir. R. 27.0(c).

We recently described the parameters under which an appellate court reviews criminal sentences:  "In general, sentencing claims are addressed under a two-step pavane.  See United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  First, we address those claims that affect the procedural integrity of the sentence.  See id.  Second, we address any residual question as to the substantive reasonableness of the sentence.  See id." United States v. Rodríguez-Adorno, ___ F.3d ___, ___ (1st Cir. 2017) [No. 16-1114, slip op. at 11-12].  Both steps are implicated in this appeal.

Hill does not challenge the district court's construction of his GSR.  He does, however, lodge two claims of sentencing error.  The first claim is procedural in nature: he says that the district court failed appropriately to consider the factors enumerated in 18 U.S.C. § 3553(a).  Because this claim of error was not raised below, review is for plain error.  See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

- 2 -

Contrary to Hill's importunings, the record reflects that the district court carefully considered the section 3553(a) factors. The court identified several aggravating factors, mulled some mitigating factors (including, for example, the poor health of Hill's father and Hill's addiction), and weighed the results of its findings.

It is apodictic that "a sentencing court has broad discretion to weigh and balance the section 3553(a) factors." Rodríguez-Adorno, ___ F.3d at ___ [slip op. at 13] (citing United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013)). The court "is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). In this instance, Hill's claim of error reduces to nothing more than a complaint that the sentencing court did not assign various factors the weight that Hill would have preferred. That complaint is empty: "such qualitative judgments fall comfortably within a sentencing court's purview." Rodríguez-Adorno, ___ F.3d at ___ [slip op. at 14] (citing United States v. Bermúdez-Meléndez, 827 F.3d 160, 165 (1st Cir. 2016); Flores-Machicote, 706 F.3d at 23).

This leaves only Hill's asseveration that his sentence is substantively unreasonable. The heartland of review for substantive reasonableness is an exploration of whether the

district court furnished a "plausible sentencing rationale" and reached a "defensible result." Martin, 520 F.3d at 96. "In the course of such a review, an appellate court is generally not at liberty to second-guess a sentencing court's reasoned judgments." Rodríguez-Adorno, ___ F.3d at ___ [slip op. at 16] (citing United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011)); see Martin, 520 F.3d at 92 (noting that there is more than one reasonable sentence in any given case).

We assume, favorably to Hill, that our review is for abuse of discretion. See United States v. Ruiz-Huertas, 792 F.3d 223, 228 & n.4 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015). We discern none. For one thing, the court's rationale was cogent. The court noted such considerations as the gravity of Hill's offense, the fact that Hill attempted to transfer his "source" to another drug dealer, his "high-risk" of recidivism, and his repeated violations of the conditions of a supervised release term that trailed in the wake of his earlier federal conviction and sentence. In view of these (and other) considerations, the court reasonably concluded that the need to protect the public and promote respect for the law made an 84-month sentence the "right sentence."

For another thing, the court juxtaposed this plausible sentencing rationale with an easily defensible result. After all, a defendant who aspires to challenge a within-guidelines sentence

as substantively unreasonable bears a heavy burden.  See United States v. Pelletier, 469 F.3d 194, 204 (1st Cir. 2006).  This burden is heavier still where, as here, the challenged sentence is at the bottom of a properly configured GSR.  Cf. United States v. Trinidad-Acosta, 773 F.3d 298, 309 (1st Cir. 2014) (explaining that a defendant's burden is heavier when the sentence imposed is below the applicable GSR).  Hill has not come close to carrying this burden: the nature and circumstances of the crime, combined with his sordid criminal past, placed a bottom-of-the-range sentence beyond reproach.  That sentence was well within the universe of reasonable sentences for the offense of conviction.

We need go no further.  For the reasons elucidated above, Hill's sentence is summarily

**Affirmed.**  See 1st Cir. R. 27.0(c).