# United States Court of Appeals
## For the First Circuit

No. 15-2522

UNITED STATES OF AMERICA,

Appellee,

v.

CHRISTIAN SÁNCHEZ-COLBERG,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

William S. Maddox on brief for appellant.
Tiffany V. Monrose, Assistant United States Attorney, Rosa
Emilia Rodríguez-Vélez, United States Attorney, and Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, on brief for appellee.

May 8, 2017

**HOWARD**, **Chief Judge**.  Christian Sánchez-Colberg pleaded guilty to two drug- and weapons-related charges; in exchange, the government dismissed others.  Sánchez now appeals his sentence, attacking its procedural and substantive reasonableness.  Although Sánchez's plea agreement does not bar this appeal, his challenges ultimately fail on their merits.  We affirm.

## I. Background

Puerto Rico law enforcement officers encountered Sánchez and his codefendant while searching abandoned apartments in an unrelated case.  The officers found Sánchez with cocaine, marijuana, drug ledgers, cash, ammunition, and two handguns -- one of which was modified to fire automatically.[1]  Sánchez eventually entered guilty pleas to possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  In exchange, the government agreed to dismiss other charges -- one of which carried a mandatory 30-year-minimum sentence.  See id. § 924(c)(1)(B)(ii).

In the plea agreement, the parties stipulated that the appropriate guidelines sentencing range for the marijuana charge

---

[1] Because Sánchez pleaded guilty, we draw the facts "from the plea agreement, the change-of-plea colloquy, the Pre-Sentence Investigation Report ('PSR'), and the transcript of the sentencing hearing."  United States v. Cruz-Vázquez, 841 F.3d 546, 547 n.1 (1st Cir. 2016).

was 0-6 months' incarceration, and agreed to recommend a sentence "at the higher end." The firearms charge carried a statutorily required consecutive incarcerative term of at least 60 months, and the parties identified the guidelines range as that statutory minimum. See id. § 924(c)(1)(A)(i); U.S.S.G. §2K2.4(b) (2014). On that count, however, the plea agreement contemplated an above-guidelines sentence: Sánchez could argue for as few as 96 months, and the government could "request a . . . term of imprisonment of up to one hundred and fifty-six (156) months." The agreement further provided that Sánchez would waive his right to appeal, so long as the court sentenced him "according to its terms, conditions, and recommendations."

At the sentencing hearing, Sánchez asked the judge to impose a 6-month sentence on the marijuana charge and a 96-month sentence on the firearms charge (102 months total). The government also recommended a 6-month sentence on the marijuana charge, but requested a 144-month sentence for the firearms (150 months total). The district court accepted the parties' recommendation on the marijuana charge, but found insufficient "the sentence that both the government and the defense recommended" on the firearms charge. The court then sentenced Sánchez to the top of the range specified in the plea agreement for the § 924(c) violation: 156 months (for a total incarcerative sentence of 162 months). Sánchez did not

object at the sentencing hearing; in this timely appeal, however, he argues that the sentence was unreasonable.

## II. Analysis

Before addressing the merits, we first determine whether this appeal falls within the waiver of appeal to which Sánchez agreed. See United States v. Betancourt-Pérez, 833 F.3d 18, 21 (1st Cir. 2016). It does not.

### A. Waiver

A plea agreement's appeal-waiver provision "is valid if it was knowingly and voluntarily executed, and if enforcement would not result in a miscarriage of justice." United States v. Santiago-Burgos, 750 F.3d 19, 22 (1st Cir. 2014). "But '[e]ven a knowing and voluntary appeal waiver only precludes appeals that fall within its scope.'" Id. at 22-23 (alteration in original) (quoting United States v. McCoy, 508 F.3d 74, 77 (1st Cir. 2007)). When determining such a provision's scope, "we rely on basic contract interpretation principles, construing the agreement where possible to give effect to every term and phrase, and construing any ambiguities in favor of allowing the appeal to proceed." Id. at 23 (citations omitted).

Sánchez's plea agreement contains this appeal-waiver provision: "Defendant hereby agrees that if this Honorable Court accepts this Plea and Forfeiture Agreement and sentences him according to its terms, conditions, and recommendations, Defendant

- 4 -

waives and surrenders his right to appeal the judgment and sentence in this case."

The agreement's "Sentence Recommendation" provision reads, in its entirety:

> As to [the marijuana count] the parties agree to recommend a sentence of imprisonment at the higher end of the above referenced guideline calculation. As to [the firearms count] the defendant can request a consecutive term of imprisonment of ninety-six (96) months and the Government can request a consecutive term of imprisonment of up to one hundred and fifty-six (156) months. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

Sánchez argues that the appeal-waiver provision does not apply because the district court sentenced him to 156 months on the firearms count, but he requested 96 months and the government sought only 144 months -- so the court did not sentence him "according to" the parties' "recommendations." The government counters that, because it was permitted to ask for a 156-month sentence on the firearms count, Sánchez's ultimate sentence "was within the range contemplated by the parties in the plea agreement," and he was thus sentenced according to the agreement's terms and conditions.

"Plea agreements should be given their plain meaning." United States v. Ocasio-Cancel, 727 F.3d 85, 89 (1st Cir. 2016). But here, the meaning of Sánchez's plea agreement is ambiguous. The appeal-waiver provision bars any appeal from a sentence in

accordance with the agreement's "terms, conditions, and recommendations." (emphasis added). The underlined language is not meaningless: because we "constru[e] the agreement . . . to give effect to every term and phrase," Santiago-Burgos, 750 F.3d at 23, we do not read the appeal-waiver provision's inclusion of "recommendations" as mere surplusage.[2] See United States v. Garcia, 698 F.2d 31, 36 (1st Cir. 1983) (rejecting a plea-agreement construction that would "render the language mere surplusage") (quoting United States v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978)).

The agreement's ambiguity lies in the meaning of the phrase "its . . . recommendations." The phrase could simply refer to any sentence within the "stipulated sentence recommendation" contained within the agreement's four corners. But the phrase could also refer more narrowly to the parties' actual requests at sentencing for a term of imprisonment, so long as those requests are within the agreement's textually specified sentencing range. Cf. United States v. Ríos-Hernández, 645 F.3d 456, 459, 461-62 (1st Cir. 2011) (construing "its . . . recommendations" to be limited by the parties' agreement to recommend a sentence at the

---

[2] This language distinguishes Sánchez's case from others in which we construed appeal-waiver provisions lacking such a term. See, e.g., United States v. Morales-Arroyo, No. 15-1185, 2017 WL 1395753, at *1 (1st Cir. Apr. 19, 2017); Betancourt-Pérez, 833 F.3d at 22.

lower end of the applicable guideline range).  The phrase's meaning as used in the agreement is thus ambiguous.  And, because we construe plea-agreement ambiguity against the government, we hold that Sánchez's appeal is not within the appeal-waiver provision's scope, and accordingly proceed to the merits.  See United States v. Newbert, 504 F.3d 180, 185 (1st Cir. 2007).

## B. Sentencing Error

Sánchez's sentencing-error arguments, however, fail on their merits.  We review these claims in two steps: "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable."  Cruz-Vázquez, 841 F.3d at 549 (quoting United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011)).

### 1. Procedural reasonableness

Sánchez contends that his sentence was procedurally unreasonable because the district court "did not articulate a basis for exceeding the recommendations of the parties."  See Gall v. United States, 552 U.S. 38, 51 (2007) (procedural error includes "failing to adequately explain the chosen sentence").  Because Sánchez did not preserve this argument by raising it below, we review only for plain error.  See United States v. Bermúdez-

Meléndez, 827 F.3d 160, 164 (1st Cir. 2016).[3]  There was no error here, plain or otherwise.

"To satisfy its burden of explanation, the sentencing court need do no more than identify the main factors behind its decision."  Id.  The sentencing court met that obligation here. As acknowledged by Sánchez in his brief, the court determined, among other findings, that the parties' sentencing requests did "not reflect the seriousness of the offense," which included possession of "two powerful weapons[,] one of which is modified to shoot automatically," in addition to "the ammunition . . . [drugs], drug ledgers, and drug paraphernalia."  This explanation sufficed to meet the procedural-reasonableness requirement.  See id. at 164-65 (finding no procedural error when explanation reflected defendant's possession of an "impressive array of munitions," including an assault rifle, "in close proximity to a trove of illegal drugs").

One final note on procedural reasonableness: to the extent that Sánchez asserts that the court erred by not explaining why it rejected the parties' requested sentences, the law does not support him.  "Although a sentencing court typically has a duty to

---

[3] Sánchez urges that United States v. Guzman-Fernandez, 824 F.3d 173 (1st Cir. 2016), requires abuse-of-discretion review for unpreserved procedural-reasonableness claims.  Guzman-Fernandez, however, dealt with a preserved claim.  Id. at 176 ("Guzman's counsel 'objected' . . . .") (alteration omitted).

explain why it selected a particular sentence, it has 'no corollary duty to explain why it eschewed other suggested sentences.'" Id. at 165 (quoting United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014).

### 2. Substantive reasonableness

Having established that the sentence was not procedurally unreasonable, we turn to its substantive reasonableness. Once again, Sánchez did not object below. Consistent with our recent cases, and favorably to Sánchez, we assume arguendo that abuse-of-discretion review applies. See Cruz-Vázquez, 841 F.3d at 549 & n.2. We nevertheless reject the substantive-reasonableness claim.

"The essence of appellate review for substantive reasonableness is whether the sentence is the product of 'a plausible . . . rationale and a defensible result.'" United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). Sánchez argues that his sentence was substantively unreasonable because he received a greater sentence than did his codefendant, even though there was no reason for the disparity. Though we may find cause for concern when one judge sentences "identically situated defendants" differently, that is not the case here -- and Sánchez makes no effort to explain why he and his codefendant are

identically situated. United States v. Reyes-Santiago, 804 F.3d 453, 467 (1st Cir. 2015) (citation omitted).

In fact, Sánchez posits a distinction between the two men: he claims that his codefendant -- not he -- possessed the machine gun, because the label on the evidence bag containing the machine gun did not list Sánchez's name. The record, however, supports a finding that Sánchez possessed the machine gun.[4] The plea agreement memorializes that Sánchez "did knowingly possess [both] firearms," which Sánchez acknowledged by initialing the paragraph describing the two weapons. And later, during the plea colloquy, the district court advised Sánchez that the firearms count alleged that he "knowingly possessed firearms," described both weapons in detail, and asked Sánchez "is that what you did? . . . Is that what you're pleading guilty to?" Sánchez replied "Yes." Accordingly, because Sánchez has not demonstrated either that he and his codefendant were "identically situated" or that Sánchez was less culpable, his disparity argument fails. See id. ("We have routinely rejected disparity claims . . . because complaining defendants typically fail to acknowledge material

---

[4] There may be a hint of an ineffective-assistance-of-counsel argument in Sánchez's brief, but "[w]e normally do not consider such claims on direct appeal where . . . they were not first presented to the district court." United States v. Hallock, 941 F.2d 36, 43 (1st Cir. 1991).

differences between their own circumstances and those of their more leniently punished confederates.").

Finally, Sánchez argues that his sentence on the firearms count was substantively unreasonable insofar as the court varied upward from the guidelines sentence. As Sánchez acknowledges, however, the parties themselves recommended an upwardly variant sentence. It was not unreasonable for the court to impose a sentence within the parties' bargained-for range. See Rivera-González, 776 F.3d at 52 (finding upwardly variant sentence substantively reasonable when "it produced the same aggregate period of incarceration to which the parties had previously agreed" in plea agreement).

## III. Conclusion

For the reasons stated, we hold that the plea agreement does not bar this appeal, but we **affirm** the sentence.