<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 15a0804n.06

Case Nos. 14-1651/1656

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>LEONARD MOORE (14-1651); JOHNNY</td><td>)</td><td>KENTUCKY</td></tr>
<tr><td>JARRELL (14-1656),</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendants-Appellants.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Dec 10, 2015
DEBORAH S. HUNT, Clerk

BEFORE: STRANCH, DONALD, LIPEZ,[*] Circuit Judges

**OVERVIEW**

**BERNICE BOUIE DONALD, Circuit Judge.** This consolidated appeal stems from the involvement of Leonard Moore ("Moore") and Johnny Jarrell ("Jarrell") in the Highwaymen Motorcycle Club ("HMC"). Both defendants were convicted of various crimes, and both had their sentences on particular charges vacated and remanded. Now they both appeal their new sentences, and Jarrell appeals his convictions. For the following reasons, we affirm the district court.

---

[*] The Honorable Kermit V. Lipez, Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

**FACTUAL AND PROCEDURAL HISTORY**

The HMC was a multi-state organization headquartered in Detroit, Michigan that engaged in assorted crimes. *United States v. Donovan*, 539 F. App'x 648, 650-51 (6th Cir. 2013). HMC members had to pay weekly dues, and many members generated the money by selling drugs. *Id.* Moore and Jarrell distributed drugs within the HMC as part of the "Nagi conspiracy." *Id.* In addition, Moore and Jarrell both participated in schemes to steal and resell motorcycles. *Id.* HMC members including Moore lashed out violently when drug debts went unpaid, or they feared that someone would expose their crimes. *Id.*

Leonard Moore ("Moore") was convicted of: (1) participating in a criminal organization in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (count one), (2) RICO Conspiracy in violation of 18 U.S.C. § 1962(d) (count two), (3) violating the Violent Crimes in Aid of Racketeering Act ("VICAR"), 18 U.S.C. § 1959(a)(3) (count nine), (4) Conspiracy to Transport Stolen Property in violation of 18 U.S.C. § 2313 (count 15), (5) Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841 & 846 (count 19), and (6) Use of a Gun in relation to the VICAR charge, in violation of 18 U.S.C. § 924(c) (count 33). Moore originally received a cumulative sentence of 228 months. He received 108 months on counts one, two and nine, 108 months concurrent on counts 15 and 19, and 10 years consecutive on count 33. *Id.* at 6.

Johnny Jarrell ("Jarrell") was convicted of (1) RICO conspiracy in violation of 18 U.S.C. §1962 (count two) and (2) Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §841 & 846 (count 19). The district court originally sentenced Jarrell to concurrent terms of 118 months on each count.

Both defendants appealed. In *Donovan*, this Court upheld their convictions, but remanded the case to the district court for resentencing. *Donovan*, 539 F. App'x at 661. Specifically, this Court instructed the district court to resentence both men on count 19 while applying a statutory maximum of five years under 21 U.S.C. § 841(b)(1)(D) because the jury instructions erroneously stated that Viagra was a controlled substance. *See Donovan*, 539 F. App'x at 653, 658-659. This Court also instructed the district court to resentence Moore on count 33 in light of *Alleyene v. United States*, 133 S. Ct. 2151, 2163 (2013). *Id.* at 656. The district court originally relied on its own finding that Moore discharged his weapon to subject him to a mandatory minimum of ten years; nowhere did the jury indicate on its general verdict form that Moore fired his gun. *Id.*

On remand, the district court sentenced Moore to 108 months on counts one, two, and nine, 60 months concurrent on counts 15 and 19, and 8 years consecutive on count 33 for a total of 204 months. The district court sentenced Jarrell to 108 months on count two and 60 months on count 19, to run concurrently.

Both defendants appeal again. Moore asserts that the district court (1) imposed an inappropriate sentence because it erred in construing this Court's remand as limited rather than general, and (2) erred in resentencing him to eight years on count 33.

Jarrell asserts that the district court (1) erred when it denied his motion for a new trial on both of his convictions and (2) imposed a procedurally unreasonable sentence on count two. Alternatively, Jarrell argues that this Court should remand the case to allow him to file a § 3582(c) motion for reduced sentence.

**JURISDICTION**

Jurisdiction is proper in these cases under 28 U.S.C. § 1291.  In Moore's case, the district court entered its resentencing order on May 15, 2014, and he filed his notice of appeal on May 20, 2014.  In Jarrell's case, the district court entered its resentencing order on November 21, 2014, and he filed a notice of appeal on November 22, 2014.  Both notices of appeal therefore complied with Fed. R. App. P. 4.

**ANALYSIS**

We address each defendant's appeal separately.

I.    MOORE

Moore argues that the district court erred in construing *Donovan's* remand as limited, and that this error led to an inappropriately high sentence on count 19.  He also argues that his eight-year sentence on count 33 is improper in light of *Alleyne*.

 A. Did the district court err in imposing its sentence on count 19 because it construed the remand as limited rather than general?

This Court reviews a district court's decision not to revisit issues at a resentencing hearing for abuse of discretion.  *See United States v. Thomas*, 167 F.3d 299, 305-06 (6th Cir. 1999).  A court abuses its discretion when it commits a clear error like (1) applying the wrong legal standard, (2) misapplying the right legal standard, or (3) relying on clearly erroneous factual findings.  *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010).

Moore maintains that the district court abused its discretion by relying on its determination that the remand was limited rather than general.  Whether a remand is limited or general is reviewed de novo.  *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).  A general remand allows the district court to redo the entire sentencing process.  *Id.* at 597.  For a

remand to be limited, it must explicitly detail the process the district court should follow in passing sentence, and the language making it limited should be unmistakable. *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999). The presumption is that a remand was general. *Id.* In remanding for resentencing on count 19, the *Donovan* panel wrote:

> Nevertheless, Moore should be resentenced on Count 19 employing a five-year statutory maximum sentence. The evidence presented against Moore focused overwhelmingly on marijuana and, to a lesser degree, cocaine. A defendant may not be sentenced under the statutory penalties for a cocaine conspiracy following a general jury verdict on a conspiracy to distribute both cocaine and marijuana as the jury may have found only a marijuana conspiracy. *United States v. Dale*, 178 F.3d 429 (6th Cir.1999). This is because the maximum statutory sentence for conspiring to distribute a controlled substance depends on the substance being distributed. 21 U.S.C. § 846. In the case of a general verdict, this information is lacking, and the district court may not impose a sentence exceeding the shortest maximum sentence for any one of the pertinent violations. *Dale*, 178 F.3d at 432. Therefore, Moore should be resentenced applying a statutory maximum of five years pursuant to 21 U.S.C. § 841(b)(1)(D). The United States agrees that resentencing in this narrow regard is proper.

*Donovan*, 539 F. App'x at 653.

> A good example of a limited remand comes from *Moore*, 131 F.3d at 597.

> We therefore VACATE Moore's section 924(c)(1) conviction and REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense. We adhere to our previous opinion in all other respects. *Id.*

We conclude that the remand was general. Perhaps one could read *Donovan's* instruction to apply a statutory maximum of five years as a limited remand by requiring the district court to impose a specific five-year sentence. Were that what *Donovan* intended to do, however, we expect that it would have used clear language directing the district court to impose a sentence of exactly five years. In the absence of such clarity, the presumption that a remand is general dictates viewing this as a general remand. We note the contrast between *Moore* and *Donovan's* remands. *Moore* gave the district court specific guidance to follow in coming to a decision.

Here however, the *Donovan* panel simply prescribed a statutory range with no further guidance on how to select a particular sentence within that range. We note too that the government nowhere argued in its brief that the remand was limited, and so implicitly seems to accept that it is general. Therefore, we treat *Donovan's* remand as general.

Although it did address the possibility that the remand was general, the overall tenor of the district court's discussion suggests that it viewed it as limited. The court said "[i]n response to Mr. Wishnow's suggestion that this is a general remand, *which I don't agree* with but will address nevertheless…." Re-sentencing Hearing, Page ID 19020 (emphasis added). To the extent the district court considered *Donovan's* remand limited, it erred.

However, the district court's error does not invalidate the sentence for two reasons. First, the district court did impose a sentence of five years on count 19 and so complied with *Donovan's* remand by its plain terms. Second, to the extent that Moore believes he should have received a lower guideline range because the district court relied on an incorrect amount of marijuana in passing sentence, he is precluded from making the argument. *United States v. Sedore*, 512 F.3d 819, 826-827 (6th Cir. 2008). The initial sentencing hearing noted that the parties stipulated to a particular amount of drugs. Moore Sentencing Hearing, Page ID 15802-3. The marijuana was scored at 92.89 kilograms and the cocaine was scored at the equivalent of 180 kilograms. The defense counsel had a chance to object and did not. In fact, he specifically said "[d]efendant stipulates to that." *Id.*

Therefore, although the district court erroneously considered *Donovan's* remand limited, the mistake does not justify invalidating the sentence.

B. Was the eight-year sentence on count 33 improper in light of *Alleyne*?

We review de novo the district court's legal conclusion that its sentence on count 33 was consistent with *Alleyne*. *See United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008).

*Alleyne* held that facts which increase a statutory mandatory minimum sentence must be submitted to the jury. *Alleyne*, 133 S. Ct. at 2158. In *Alleyne*, the defendant was charged with using a gun during his crime. *Id.* at 2155. The jury verdict indicated that he had used a gun, but did not indicate that he brandished or discharged it, both of which would have led to a higher mandatory minimum. *Id.* at 2156. The district court imposed a seven year sentence after the judge found that the defendant *had* brandished the gun. *Id.* The Supreme Court remanded for resentencing and instructed the district court that it could rely only on facts found by a jury when determining which mandatory minimum applied.

In the remand order, *Donovan* instructed the district court to issue a sentence consistent with the jury's verdict and not rely on the judge's determination that Moore discharged his weapon. On count 33, the jury verdict form simply indicated that Moore was guilty of using a firearm during and in relation to a crime of violence. Jury Verdict Form, Page ID 7456. Consequently, the highest mandatory minimum Moore would be eligible for would be five years, for simple use of a firearm. 18 U.S.C. § 924(c)(1)(A). The maximum possible sentence would be life in prison. *Alleyne*, 122 S. Ct. at 2160. The district court acknowledged that a mandatory minimum of five years applied and chose to add three years to the sentence. Moore Resentencing Hearing, Page ID 19022. It may seem anomalous that a court would be prohibited from using its own factual findings to impose a higher mandatory minimum, but permitted to use its own factual findings to increase the sentence over the mandatory minimum. However *Alleyne* seems to contemplate and accept the possibility. *Alleyne*, 133 S. Ct. at 2163. ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."). Here,

the district court's finding that Moore discharged the weapon did not increase the applicable statutory minimum. Therefore, we affirm the district court's sentence on count 33.

II. JARRELL

We now turn to Jarrell's arguments that the district court erred in denying him a new trial and that his sentence on count two was procedurally unreasonable.

A. Did the district court err when it denied Jarrell's motion for a new trial?

Jarrell cites the erroneous jury instruction on count 19 as grounds for granting a new trial. Although the *Donovan* panel explicitly conducted a required harmless error review for Moore, *Donovan*, 539 F. App'x at 653, Jarrell correctly points out that it did not do so explicitly for him.

However, the *Donovan* panel did implicitly conduct a harmless error review for Jarrell. It affirmed the district court's determination that Jarrell was responsible for the 92.89 kilograms of marijuana attributable to the Nagi conspiracy. *Id.* at 659. It indicated that it viewed the record as containing sufficient evidence to justify a conviction on count 19. *Id.* at 660. At the end of the opinion, the Court explicitly said that it affirmed all of the defendants' convictions. *Id.* at 661. These facts all suggest that the Court considered whether the instructional error tainted the outcome of the proceedings and answered negatively. Since *Donovan* implicitly found the instructions harmless error, this panel is now bound by the law-of-the-case doctrine. *Campbell*, 168 F.3d at 265. The law-of-the-case doctrine requires both district and appellate courts to abide by determinations the appellate court made at earlier stages of litigation in the same case. *Id.*

That being the case, we must also reject Jarrell's request for a new trial on count two. Jarrell's sole argument here is that a RICO conspiracy charge requires two predicate acts and that since count 19 must be reversed, there would only be one predicate act left, which would be

insufficient. However as we have noted already, we affirm the conviction for count 19, which means that count two has the required two predicate acts.

We therefore reject Jarrell's request for a new trial on both of his convictions.

B. Was Jarrell's sentence on count two procedurally unreasonable?

Jarrell argues with some force that the district court abused its discretion by imposing a 108 month sentence for his RICO conviction on remand. He argues that *Donovan's* instruction to impose a sentence on count 19 consistent with a statutory maximum of five years for conspiracy to distribute marijuana in amounts less than 50 kilograms makes it procedurally unreasonable to then impose a sentence based on 92.89 kilograms on count two. Were Jarrell correct that the most the court could hold him accountable for was 50 kilograms on count two, then the district court would indeed have abused its discretion in using the stipulated amount of 92.89 kilograms to pass sentence.

We must consider why *Donovan* capped Jarrell's sentence on count 19 at five years to see if a similar limitation should apply to count two. *Donovan* held that when there is a general verdict for a conspiracy to distribute charge and we cannot tell which precise drug the jury convicted the defendant of distributing, that defendant must be sentenced according to the shortest maximum statutory period for any of the possible violations. *Donovan*, 539 F. App'x at 653. Here, the shortest possible maximum period was five years for conspiring to distribute less than 50 kilograms of marijuana. *Donovan's* remand did not impose a similar limitation on count two, which carried a statutory maximum of life imprisonment. The district court therefore had discretion to consider 92.89 kilograms under the guidelines. *See United States v. Johnson*, 732 F.3d 577, 583–84 (6th Cir. 2013).

Therefore we conclude that Jarrell's sentence for count two was not procedurally unreasonable.

C. Should we remand for a § 3582(c)(2) resentencing proceeding?

Jarrell lastly argues that this Court should remand so that he can move the district court for a reduction in sentence pursuant to § 3582(c)(2). On November 1, 2014, the United States Sentencing Commission filed guideline amendment 782, which reduced by two levels the guidelines for all drugs found in U.S.S.G. § 2D1.1. In general, this circuit expects defendants requesting such a reduction to petition the district court first. *See United States v. Ursery*, 109 F.3d 1129, 1138 (6th Cir. 1997). We will therefore not consider remanding unless a defendant is raising the issue for the first time on appeal. *Id.*

Here, Jarrell already filed a § 3582(c)(2) motion for retroactive application of the amended guidelines on November 5, 2015. Jarrell Motion for Sentence Reduction, Page ID 19812. Since this motion is already pending before the district court, there is no need to remand.

**CONCLUSION**

We affirm Jarrell's convictions as well as the sentences that both he and Moore received for their convictions.