[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12515
_____

D.C. Docket No. 2:12-cr-00204-WHA-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDMUND LEE McCALL,
a.k.a. Trey,
a.k.a. Tra,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 19, 2016)

Before WILLIAM PRYOR, EDMONDSON, and PARKER,* Circuit Judges.

_____

* Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

After oral argument and careful review of the briefs and record, we conclude that the judgment of the district court should be affirmed. The jury's verdict – that Defendant-Appellant Edmund Lee McCall is guilty of one count of conspiracy to commit bank and wire fraud and of six counts of aggravated identity theft – is supported by overwhelming evidence. Moreover, the district court did not commit any error either at trial or at sentencing. We turn now briefly to address Appellant's arguments on appeal.

First, Appellant challenges the sufficiency of the evidence underlying his conviction. He contends that his coconspirators' testimony against him was incredible as a matter of law, alleging principally that they pled guilty in hopes of a lighter sentence. However, "the fact that [a] witness has . . . engaged in various criminal activities [or] thought that his testimony would benefit him . . . does not make his testimony incredible." *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal quotation marks omitted). Appellant also briefly asserts that his coconspirators' statements contained certain inconsistencies. This assertion is unavailing because a "jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial." *United States v. Vernon*, 723 F.3d 1234, 1252 (11th Cir. 2013) (internal quotation marks omitted). Thus, while a jury might have rejected the coconspirators' testimony, it apparently

2

decided to credit that testimony.  We cannot say as a matter of law that there was insufficient evidence to convict Appellant.

Second, Appellant argues that the district court erred by declining to include a jury instruction including language that "[c]ircumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime." [**D.E. 195 at 13**] Our review of the record leads us to conclude that "the substance of that proposed instruction was covered by another instruction which was given," *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1542 (11th Cir. 1989) (internal quotation marks omitted), so that there was no error.

Third, Appellant contests the exclusion of a recording of a phone call in which a coconspirator alleged criminal misconduct by the sheriff at the institution where she was held.  Appellant sought to introduce this phone call to impeach the coconspirator's credibility.  The sheriff's conduct was not at issue in this case.  For this reason, the district court did not commit any abuse of discretion when it excluded the evidence as irrelevant under Rules 401 and 402 of the Federal Rules of Evidence and inadmissible under Rule 403 on the grounds that it would confuse the jury.  Furthermore, the jail call was inadmissible under Rule 608(b), which provides that, "[e]xcept for a criminal conviction, . . . extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

Fourth, Appellant challenges the procedural and substantive reasonableness of his sentence.  His first procedural objection is to the four-level enhancement of his offense level under U.S.S.G. § 3B1.1(a) for his role as "an organizer or leader of criminal activity that involved five or more participants."  He argues primarily that his coconspirators were engaged in criminal activity separate from Appellant's conspiracy, but this fact, even if true, does not make Appellant less responsible for his role in his own conspiracy.  Also, Appellant claims that any factor that increases his sentence must be submitted to a jury and proven beyond a reasonable doubt.  This claim incorrectly states the law.  Unlike the circumstances presented here, only factors that increase the statutory minimum or maximum sentence need to be submitted to and decided by a jury.  *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

As for substantive reasonableness, Appellant first asserts that the district court should have granted a variance from the Sentencing Guidelines range based on his family circumstances.  However, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted).  We see no abuse of this discretion, given the extent and seriousness of Appellant's conduct.  Second, he argues that his coconspirators received substantially lighter sentences than he did.  We find that the district court

had ample justification for imposing a longer sentence.  As described above, Appellant led his codefendants in their conspiracy to commit bank and wire fraud. Also, his coconspirators cooperated with the Government and entered into written plea agreements, whereas Appellant did not assist the Government and proceeded to trial.  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Accordingly, we conclude that his sentence is procedurally and substantively reasonable.

One final note is that the judgment contains a clerical error.  Appellant's conspiracy offense is listed under 18 U.S.C. §§ 1343-44, but the district court failed to include a reference to 18 U.S.C. § 1349.  This error should be corrected.

The judgment of the district court is

AFFIRMED and REMANDED solely to correct the clerical error.

5