# United States Court of Appeals
## For the First Circuit

No. 15-1418

UNITED STATES OF AMERICA,

Appellee,

v.

WILFREDO GARAY-SIERRA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Torruella, Selya, and Thompson,
Circuit Judges.

---

Kendys Pimentel Soto and Kendys Pimentel Soto Law Office on brief for appellant.

Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Attorney General, Amanda B. Harris, Attorney, Criminal Division, Appellate Section, United States Department of Justice, Rosa Emilia Rodríguez–Vélez, United States Attorney, Nelson Pérez–Sosa, Assistant United States Attorney, Chief, Appellate Division, and Kelly Zenón-Matos, Assistant United States Attorney, on brief for appellee.

---

August 5, 2016

---

**THOMPSON**, <u>Circuit Judge</u>.

## Stage Setting

A grand jury indicted Wilfredo Garay-Sierra (Garay) for carjacking a "Mitsubishi Nativa," with intent to cause death and serious bodily harm, <u>see</u> 18 U.S.C. § 2119(2), and carrying and brandishing a firearm during a crime of violence, <u>see</u> <u>id.</u> § 924(c)(1)(A)(ii).  Pursuant to a binding plea agreement, <u>see</u> Fed. R. Crim. P. 11(c)(1)(C), Garay pled guilty to carjacking and to possessing — but not brandishing — the firearm.[1]

In projecting Garay's total offense level, the parties (among other things) agreed to a series of enhancements — including, pertinently, a 4-level enhancement because a victim of the carjacking suffered "serious bodily injury."  <u>See</u> USSG § 2B3.1(b)(3)(B).[2]  The parties did not agree on a particular guideline sentencing range for the carjacking count.  But they did agree that Garay would recommend a 40-month prison sentence, and that the government would recommend a sentence within the to-be-

---

[1] Because Garay pled guilty, we pull the background info from the plea agreement, the unchallenged parts of the presentence report ("PSR"), and the transcripts from the relevant court hearings. <u>See, e.g.</u>, <u>United States</u> v. <u>Romero-Galindez</u>, 782 F.3d 63, 65 n.1 (1st Cir. 2015).

[2] We refer to the November 2014 edition of the sentencing guidelines, the version in effect at the time of sentencing. <u>See</u> <u>United States</u> v. <u>Sepúlveda-Hernández</u>, 817 F.3d 30, 32 n.1 (1st Cir. 2016).

calculated sentencing range. Because Garay accepted responsibility for possessing a firearm, the parties also agreed to recommend the mandatory-minimum sentence of 60 months in prison — the mandatory-minimum sentence for brandishing a firearm is 84 months, by the way. See 18 U.S.C. § 924(c)(1)(A)(i), (ii). The parties also agreed that the sentences had to run consecutively. And Garay agreed to waive his right to appeal if the judge "accept[ed]" the agreement and "sentenc[ed] him according to its terms, conditions, and recommendations."

The probation office's PSR recommended (among other things) that Garay get the 4-level enhancement for the carjacking count, noting that "the victims suffered serious bodily injury." Skipping over details not relevant to the issues on appeal, we note that the PSR then suggested that the judge use a 70-87 month sentencing range for this count. The PSR also incorrectly indicated that 84 months — section 924(c)'s mandatory minimum for brandishing — applied. Neither party objected to the PSR.

At the sentencing hearing — and consistent with the plea agreement — Garay's counsel asked the judge for a 40-month prison term on the carjacking count, saying his client's youth, being a father, struggles with drug addiction and depression, and below-average IQ justified a downwardly-variant sentence. Living up to the terms of the agreement, the government asked for a sentence

within the range for that count.  And both Garay and the government asked for the 60-month mandatory minimum for the firearm crime.

After listening to the parties' sentencing pitches, the judge accepted the PSR's calculations for the counts — i.e., the judge adopted the PSR's 70-87 month sentencing range for the carjacking count and the mandatory minimum of 84 months for the firearm count.  The judge then ran through the relevant sentencing factors, see 18 U.S.C. § 3553(a), including Garay's characteristics and history (his youth, drug addiction, limited intellectual capacity, bouts with depression, etc.), the seriousness of the offense (noting, for example, that an accomplice of Garay had sexually assaulted one of the carjacked victims in Garay's presence), plus the need to deter criminal conduct, protect the public, promote respect for the law, and deliver just punishment.  And when all was said and done, the judge imposed a within-guidelines prison sentence of 70 months for the carjacking crime, and a consecutive 84-month prison sentence for the firearm crime.

From this 154-month sentence, Garay appeals.  He first argues that the appeal waiver provision in his plea agreement is not enforceable, noting for example that the judge's sentence for the firearm offense (84 months) differed from what the parties recommended in the agreement (60 months).  He then argues that the

70-month prison stint for the carjacking offense is procedurally unreasonable — first, because the judge wrongly concluded that the serious-bodily-injury enhancement applied and second, because the judge neither adequately considered factors favoring a lower sentence nor satisfactorily explained the reasons for the sentence. And last he argues that because he pled guilty to possessing a firearm rather than brandishing a firearm, the judge botched matters by sentencing him for brandishing a firearm (again, brandishing carries a higher mandatory minimum than possessing).

For its part, the government agrees with Garay that, when it comes to the firearm count, the judge reversibly erred in imposing a sentence for brandishing a gun. And when it comes to the carjacking count, the government says, we should enforce the waiver-of-appeal clause because the sentence imposed by the judge jibed with the parties' recommendation — but even if it did not, the government adds, the judge erred neither in applying the serious-bodily-injury enhancement nor in explaining the sentence's length.

Garay argues in reply that because the judge did not follow "all" of the plea agreement's terms (because the judge chose a sentence for the firearm count that exceeded the parties' recommendation), "the waiver of appeal is inapplicable in toto." And to the extent there is any ambiguity about the way in which

- 5 -

the appeal-waiver clause works, he says that we should interpret the provision to let "the appeal . . . proceed."

## Waiver

We opt not to referee the appeal-waiver dust-up: because we can easily deal with Garay's sentencing-error claims, we will assume "[f]or ease of analysis" that the appeal-waiver proviso "does not bar the maintenance of this appeal." See United States v. Dávila-Tapia, 491 Fed. App'x 197, 198 (1st Cir. 2012); see also United States v. Sánchez-Maldonado, 737 F.3d 826, 827-28 (1st Cir. 2013).

## Carjacking Sentence

As the parties acknowledge, we must review Garay's procedural-reasonableness claims for plain error (rather than for abuse of discretion), because he did not raise them below. So Garay "must show (1) error, (2) plainness, (3) prejudice, and (4) an outcome that is a miscarriage of justice or akin to it," United States v. Edelkind, 467 F.3d 791, 797 (1st Cir. 2006) — a difficult-to-meet standard that "is not appellant friendly," United States v. Bermúdez-Meléndez, No. 14-2209, 2016 WL 3525423, at *2 (1st Cir. June 28, 2016).

### Enhancement

We start with Garay's claim that the judge stumbled by enhancing his carjacking sentence under the serious-bodily-injury

enhancement.  See USSG § 2B3.1(b)(3)(B).  This enhancement applies if "any victim sustained . . . Serious Bodily Injury."  Id.  Serious bodily injury "occur[s] if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law."  USSG § 1B1.1 cmt. n.1(L).[3]  That is our case.  According to the unobjected-to facts in the PSR, Garay drove the car around while a carjacking cohort — referred to as "Minor 1" — sat in the back seat with one of the carjacked victims, put his fingers in her vagina, and forced her to perform oral sex on him (him being Minor 1).  Given this concatenation of circumstances, we find no plain error in the judge's decision to apply this enhancement.

## Explanation

Garay argues for the first time on appeal that the judge inadequately explained the thinking behind the carjacking sentence

---

[3] Broadly speaking, § 2241 criminalizes aggravated sexual abuse, and § 2242 criminalizes sexual abuse — both of which require causing another to engage in a sexual act.  The key elements of § 2241 are "knowingly caus[ing] another person to engage in a sexual act . . . by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempt[ing] to do so."  § 2241(a)(2).  And the key elements of § 2242 are "knowingly . . . caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping) . . . or attempt[ing] to do so."  § 2242(1).

and insufficiently considered his "personal characteristics and his participation in the offense," factors, he says, that justified a lighter sentence.  We do not buy it.

It perhaps goes without saying — though we say it anyway — that sentencers must consider the relevant § 3553(a) factors. But they "need not give each factor equal billing." United States v. Denson, 689 F.3d 21, 28 (1st Cir. 2012).  And when it comes to explaining the reasons for a sentence, "brevity" must not be mistaken for "inattention" — especially so when, as here, the sentence falls within guideline range.  United States v. Dávila-González, 595 F.3d 42, 48 (1st Cir. 2010) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006)).

Shifting from the general to the specific, we repeat what Garay's judge did:  As we said earlier, the judge discussed Garay's characteristics and history — e.g., his young age, fatherhood status, battles with drug addiction and depression, and intellectual deficiencies, the very factors that Garay said called for a variant sentence.  The judge also considered the seriousness of the offense — mentioning (among other things) how one of Garay's carjacking collaborators had sexually attacked a female victim in Garay's presence.  And the judge emphasized that any sentence imposed had to advance certain purposes, like respect for the law, just punishment, deterrence, and protection of the public.

Critically too, any holes in the judge's reasoning — and we don't see any, frankly — can be plugged by "comparing what was argued by the parties or contained in the [PSR] with what the judge did." United States v. Ocasio-Cancel, 727 F.3d 85, 91 (1st Cir. 2013) (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)); cf. United States v. Colón de Jesús, No. 15-1962, 2016 WL 4056033, at *3 (1st Cir. July 29, 2016). Given what we have said, this facet of Garay's procedural-reasonableness claim is a nonstarter too.

Still hoping to persuade us otherwise, Garay argues that the fact that he did not attack anyone should have counted in his favor. The argument implies that he was an innocent bystander in all this. But his chauffeuring Minor 1 around while Minor 1 sexually abused the female victim in the backseat, for example, does not put Garay in the innocent-bystander category.

As before, we find no procedural error — certainly no plain procedural error.[4]

---

[4] To the extent Garay suggests 70 months is substantively unreasonable — in a single, unilluminating sentence, he hints that the judge may have created a sentencing disparity between him and "other participants in the offense" — the suggestion is waived by "perfunctory" treatment. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

**Firearm Sentence**

Section 924(c)(1)(A) clearly says that a conviction for possessing a firearm "during and in relation to any crime of violence" triggers a 60-month mandatory minimum prison sentence, while a conviction for brandishing a firearm triggers an 84-month mandatory minimum prison term. See 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). The indictment, remember, charged Garay with carrying and brandishing a firearm. But Garay pled guilty only to possessing a firearm. And the parties jointly recommended that the judge impose a 60-month sentence for the firearm count. Nevertheless, and without a peep of protest from the parties, the judge concluded at sentencing that "[b]ecause the weapon was brandished, the minimum term of imprisonment for [the firearm count] is 84 months." Given controlling caselaw, see, e.g., Alleyne v. United States, 133 S. Ct. 2151, 2162-63 (2013), the judge plainly erred in this instance.

**Wrap Up**

For the reasons recorded above, we **affirm** Garay's sentence on the carjacking count, **vacate** his sentence on the firearm count, and **remand** for resentencing.[5]

---

[5] The judgment on appeal says that Garay pled guilty to brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On remand, the judge should amend the judgment to reflect that Garay pled guilty to possessing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

- 10 -