# United States Court of Appeals
## For the First Circuit

No. 16-2394

UNITED STATES OF AMERICA,

Appellee,

v.

WILFREDO GARAY-SIERRA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

Derege B. Demissie and Demissie & Church on brief for appellant.

John P. Cronan, Acting Assistant Attorney General, Amanda B. Harris, Attorney, Criminal Division, Appellate Section, United States Department of Justice, Rosa E. Rodríguez–Vélez, United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, Acting Chief, Appellate Division, on brief for appellee.

March 16, 2018

**THOMPSON**, <u>Circuit Judge</u>.

**PREFACE**

Wilfredo Garay-Sierra ("Garay") is back with us again, this time contesting an 84-month prison term he received on a firearm charge following a remand for resentencing. Stating our conclusion up front: we *affirm*, for reasons we will come to, right after we highlight those details (and only those details) needed to understand the present appeal — interested readers can find more info in our earlier opinion, reported at <u>United States</u> v. <u>Garay-Sierra</u>, 832 F.3d 64 (1st Cir. 2016).

**CASE TRAVEL**

**Indictment and Plea Agreement**

Indicted for carrying and brandishing a shotgun during a crime of violence, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(ii), Garay pled guilty — as part of a plea agreement with the government — only to possessing the weapon. <u>Garay-Sierra</u>, 832 F.3d at 65-66.[1] The criminal code imposes a mandatory-minimum sentence of 60 months and a maximum of life on anyone who "possesses a firearm" during a crime of violence. <u>See</u> <u>id.</u> at 69 (citing 18 U.S.C.

---

[1] Because this appeal follows a guilty plea, we draw the background material (as we did before) from the plea agreement, the transcripts of the pertinent court hearings, and the undisputed portions of the pre-sentence investigation report ("PSR" — fyi, Garay agreed in his sentencing memo that "the facts of the case" in the PSR "are correct"). <u>See</u> <u>id.</u> at 66 n.1.

- 2 -

§ 924(c)(1)(A)(i)).  But it imposes a mandatory-minimum sentence of 84 months and a maximum of life on anyone who "brandishe[s]" a "firearm" during a crime of violence.  See id. (citing 18 U.S.C. § 924(c)(1)(A)(ii)); see also United States v. Vargas-García, 794 F.3d 162, 164-65 (1st Cir. 2015).  So by copping to "possession," Garay acknowledged that his admission of guilt exposed him to a sentence of 60 months to "life."

## Original Sentence

Unfortunately, the judge found at Garay's initial sentencing that he had "brandished" the shotgun.  The judge then used that finding to boost the mandatory-minimum sentence from 60 months to 84 months.  See Garay-Sierra, 832 F.3d at 69.  And after going over the relevant sentencing factors in 18 U.S.C. § 3553(a), the judge hit Garay with an 84-month sentence for the firearm offense.[2]  See id. at 66.

---

[2] The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and . . .

We said "unfortunately" a second ago for a reason. You see, caselaw holds that "[a]ny fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." Alleyne v. United States, 570 U.S. 99, 102 (2013) (quotation marks omitted). This being so, and because the judge-found brandishing finding upped the applicable mandatory-minimum term, we had no choice but to vacate that sentence and remand for a sentencing do-over. See Garay-Sierra, 832 F.3d at 69.

### Resentence and Reappeal

Fast forward to the resentencing hearing. There, the judge noted that Garay faced a mandatory minimum of at least 60 months' imprisonment "because the plea was possession of a firearm," with the mandatory minimum also serving as the guideline sentence for his offense. See United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015) (explaining that the "mandatory minimum sentence under section 924(c) . . . is deemed to be the guideline sentence"). Consistent with the plea agreement, Garay and the government recommended a 60-month sentence.

---

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

Section 3553(a) also requires judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing listed in factor (2).

- 4 -

Reminding everyone that he had discussed and applied many of the § 3553(a) factors at Garay's original sentencing, the judge thought he should say a few more words on two of them. First the judge talked about the heightened need for deterrence given "Puerto Rico's high firearms and violent crime rate." Then the judge spoke about the seriousness of Garay's offense. Relying (at least implicitly) on the unobjected-to facts in the PSR, the judge commented that while Garay had pled guilty to possessing the shotgun, he had "carried" the firearm during a carjacking, which the judge said meant he had "brandished" the firearm as defined by the pertinent statute and sentencing guideline.[3] In other words, from these references we take it the judge ruled that *these facts* showed Garay had displayed the gun (Garay had carried a shotgun as he and his fellow carjackers ordered the two victims into the

---

[3] 18 U.S.C. § 924(c)(4) says "the term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." And U.S.S.G. § 1B1.1, commentary (note 1(C)), similarly says

> "[b]randished" with reference to a dangerous weapon (including a firearm) means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present.

vehicle — as reported in the PSR, without contradiction), thus meeting the brandishing definitions in the statute and guideline. The judge also noted that one of Garay's carjacking cohorts, referred to in the PSR as "Minor 1," had brutalized the carjackees, (a) hitting the male victim on the head with a silver handgun and threatening to kill him, and (b) sexually assaulting the female victim.

Again repeating that he knew the plea agreement "exposed" Garay "to a statutory minimum" term of 60 months behind bars, the judge concluded that, based on the reasons he had given, an 84-month term was "sufficient but not greater than necessary" to accomplish the goals of sentencing set out in § 3553(a). Garay's counsel objected, calling the sentence procedurally unsound and substantively unreasonable because, to his way of thinking, the judge spent too much time dwelling on Minor 1's conduct in sifting through the facts — facts, by the way, that counsel conceded "did occur." Quoting from our earlier opinion, the prosecutor insisted that Garay was hardly "an innocent bystander" and clarified that Minor 1's silver handgun turned out to be "a fake." Garay's counsel's objection did not cause the judge to rethink the sentence.

An unhappy Garay now appeals his resentencing.

## ARGUMENTS AND ANALYSIS

Rather than repeat the arguments the district judge gave a thumbs down to, Garay raises two entirely new claims in the hopes of scoring a reversal. The first is a claim that the judge wrongly rejected the parties' plea agreement. The second is a multipart claim that the judge procedurally erred in sentencing him to 84 months of imprisonment (Garay doesn't come right out and call each part a procedural error, but that's the gist of his argument, given how he pitches the claim to us). For those unfamiliar with the intricacies of federal-sentencing law, a judge procedurally errs by, among other things, "selecting a sentence based on erroneous facts." Gall v. United States, 552 U.S. 38, 51 (2007).[4] Using language strikingly similar to the Gall passage, Garay starts off this facet of his procedural-reasonableness claim by blasting the judge for "relying upon an erroneous finding of brandishing a firearm in resentencing [him] to the same term as the vacated and remanded original sentence." To hear him tell it, the judge-found brandishing finding does not jibe with Alleyne's teachings;

---

[4] See generally United States v. McCall, 649 Fed. App'x 945, 947 (11th Cir. 2016) (considering an alleged Alleyne error under the procedural-reasonableness rubric); United States v. Cassius, 777 F.3d 1093, 1096-97 (10th Cir. 2015) (finding no "procedural error" under Alleyne because the "court only used its own . . . finding as a mere sentencing factor to help choose a sentence within the proper statutory range").

alternatively, he argues, the record facts hardly constitute brandishing as that term is understood in the relevant statute and sentencing guideline; and alternatively still, he insists, the judge relied on nonrecord facts in his sentencing assessment. Garay wraps up his procedural-reasonableness claim by faulting the judge for premising the sentence on Puerto Rico's violent-crime rate rather than on an individualized assessment of his circumstances and for creating a disparity between his sentence and the sentences of other defendants across the country. The government, unsurprisingly, thinks Garay's analysis is wrong from start to finish. We, for our part, think the government is more right than Garay.

**Standard of Review**

The parties sort of talk past each other over which standard of review applies. Garay believes he properly preserved each issue, thus triggering "abuse of discretion" and "harmless error" review. The government believes he preserved nothing, thus triggering "plain error" review. We agree with the government that because his arguments here are different from the ones he made below, Garay must show plain error — an excruciatingly difficult task, requiring him to prove "error, plainness, prejudice to [him], and the threat of a miscarriage of justice." See United States v. Torres-Rosario, 658 F.3d 110, 116 (1st Cir.

- 8 -

2011); see also <u>United States</u> v. <u>Harakaly</u>, 734 F.3d 88, 94 (1st Cir. 2013).

## Plea-Agreement Claim

On to Garay's first batch of arguments, which focuses on how the judge (supposedly) botched matters by rejecting the parties' plea agreement. Regrettably for Garay, though, plain error is plainly absent here.

Contrary to what Garay thinks, the judge *did accept* the plea agreement — the judge simply rejected the parties' joint sentencing recommendation, as he had every right to do. The reason for this is straightforward. The parties executed a plea agreement under a rule of criminal procedure that says the government agrees to "recommend, or agree[s] not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate" — but (and it is a very big "but") the rule then says "such a recommendation or request *does not bind*" the judge. <u>See</u> Fed. R. Crim. P. 11(c)(1)(B) (emphasis added).[5] And all signs point to Garay's knowing about the plea agreement's terms, despite his assertions otherwise. We say this because the judge asked him point-blank if he knew that (a) "the plea agreement is just a

_____

[5] The plea agreement is emblazoned with "Pursuant to Rule 11(c)(1)(B) FRCP" under the case caption — which definitively shows what type of plea agreement the parties signed on to.

- 9 -

recommendation to me," that (b) "I can reject those recommendations without permitting you to withdraw your plea of guilty," and that (c) "I can impose a sentence on you that is either more severe or less severe" than "the sentence being recommended" by the parties. And Garay answered "[y]eah" to each question.  So, because the judge was "not bound by the parties' mutual embrace of a recommended sentence," see Rivera-González, 776 F.3d at 51, Garay has shown no error — much less plain error — on the plea-agreement issue.

Garay talks up a couple of cases in an attempt to persuade us differently.  But neither is a difference-maker because each relies on rules other than Rule 11(c)(1)(B).  In re Morgan, for example, is a Ninth Circuit case involving an agreement made under Rule 11(c)(1)(C).  See 506 F.3d 705, 707 (9th Cir. 2007).  That rule says a stipulated sentence "*binds*" the judge if the judge "accepts the plea agreement," see Fed. R. Crim. P. 11(c)(1)(C) (emphasis added) — and so is unlike the rule in play here.  United States v. Escobar Noble is a case by us involving a charge bargain.  See 653 F.2d 34, 35-36 (1st Cir. 1981); see generally United States v. Carrozza, 807 F. Supp. 156, 158 (D. Mass. 1992) (explaining that Escobar Noble involved a charge bargain).  A charge bargain is a plea agreement where the prosecutor agrees to drop certain charges in exchange for the defendant's guilty plea on other

- 10 -

charges.  See Black's Law Dictionary 1338 (10th ed. 2014).[6]  A

judge may, as a matter of discretion, "accept . . . [or] reject [a

charge-bargain agreement], or may defer a decision until the

[judge] reviewed the [PSR]."  See Fed. R. Crim. P. 11(c)(3)(A).

As Garay notes, Escobar Noble says an abuse of discretion occurs

if a judge rejects a charge bargain when there is a "consideration

so compelling as to necessitate acceptance of the plea."  653 F.2d

at 36.  But because Garay's agreement is *not* a charge bargain,

Escobar Noble is of no help to him.  And no more need be said about

these cases.

### Procedural-Reasonableness Claim

Garay fares no better with his multifaceted procedural-

reasonableness claim — here too we agree with the government that

---

[6] See generally United States v. Vanderwerff, 788 F.3d 1266, 1271 (10th Cir. 2015) (explaining that "[p]lea bargains are commonly either 'charge bargains,' where the prosecutor agrees to" nix "some charges" if the defendant agrees to plead guilty "on others, or 'sentence bargains,' where the prosecutor agrees to support, or at least not oppose, a particular sentence" — and adding that judges "enjoy considerable discretion in their consideration of sentence bargains because 'the prosecution's role . . . is strictly advisory,'" though "judicial discretion is more limited with respect to charge bargains because such bargains 'are primarily a matter of discretion for the prosecution' and the [judges'] 'sentencing discretion is implicated only as an incidental consequence of the prosecution's exercise of executive discretion'" (quoting United States v. Robertson, 45 F.3d 1423, 1437-38 (10th Cir. 1995))).

- 11 -

the judge's conduct does not come within shouting distance of plain error.[7]

*Brandishing Issue*

Interestingly, Garay concedes that the district judge "technically followed" Alleyne during resentencing because the judge never suggested that the judge-found brandishing finding triggered an 84-month mandatory minimum. He just basically thinks the judge violated Alleyne's spirit by using the "erroneous" finding to reimpose the same 84-month term as before. Though artfully crafted, we believe his contention falls well short of satisfying the exacting plain-error standard.

To protect an accused's Sixth Amendment rights, Alleyne says any fact (other than the fact of a prior conviction) that jacks up a compulsory minimum sentence must be found by a jury (or by a judge in a bench trial) beyond a reasonable doubt, if the

---

[7] Garay's brief makes no adequately developed claim that the sentence is substantively unreasonable, thus waiving any argument in this direction that he might have had. See, e.g., United States v. Taylor, 848 F.3d 476, 496 n.9 (1st Cir. 2017); Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). And even if not waived, any argument in the substantive-reasonableness direction would fail: the judge reasonably considered how Garay's displaying of the shotgun instilled fear in the victims and how the shotgun helped the crime succeed — so the 84-month prison term rests on "a plausible sentencing rationale" and reaches "a defensible result," making the sentence "substantively reasonable." See United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008).

defendant does not admit the fact.  See 570 U.S. at 103.  But while a judge *cannot* make findings to establish a mandatory minimum, he *can* make findings under a preponderance standard "to guide [his] discretion in selecting a punishment within limits fixed by law." See id. at 113 n.2 (quotation marks omitted).  That is true even if such findings cause the judge "to select sentences that are more severe than the ones [he] would have selected without those facts."  See id.  After all, to quote Alleyne again, "nothing" in the whole history of sentencing suggests judges cannot "exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment *within the range* prescribed by statute."  Id. at 116 (quotation marks omitted).

Turning from generalities to specifics, we stress that the judge's gun-brandishing finding did not set the statutory minimum — Garay's gun-possessing plea did, leading to a sentence of at least 60 months and up to life in prison, as the judge himself essentially recognized.[8]  All the judge did was use his brandishing finding to pick a sentence within that authorized range

---

[8] This means Garay's case is quite different from the big cases he hangs his hat on, Alleyne and United States v. Lewis, 802 F.3d 449 (3d Cir. 2015).  A Sixth Amendment problem existed in both Alleyne and Lewis because the judges' brandishing findings fixed the mandatory minimums, see Alleyne, 570 U.S. at 104, 107-18; Lewis, 802 F.3d at 453-54 — a problem that does not exist here.

- 13 -

— something that is perfectly permissible in a post-<u>Alleyne</u> world. See <u>United States</u> v. <u>Ramírez-Negrón</u>, 751 F.3d 42, 48-51 (1st Cir. 2014) (emphasizing, among other things, that "no <u>Alleyne</u> error occurs when there is no mandatory minimum sentence imposed which is triggered by judicial factfinding"); <u>see also</u> <u>United States</u> v. <u>Moore</u>, 634 F. App'x 483, 488 (6th Cir. 2015) (affirming an 8-year sentence based on a judge's finding that the defendant "discharged" a weapon, even though the jury convicted him "of using" the weapon, because the finding "did not increase the applicable statutory minimum" — the judge "acknowledged" that a 5-year mandatory minimum applied and opted to add 3 years to the term; and while "[i]t may seem anomalous" that a sentencing court cannot use "its own factual findings to impose a higher mandatory sentence" but can "use its own factual findings to increase the sentence over the mandatory minimum[,] . . . <u>Alleyne</u> seems to contemplate and accept the possibility"). So we see no error, say nothing of plain error.

Which brings us to Garay's claim that the facts do not add up to brandishing, as defined by the applicable statute and sentencing guideline — both of which (remember) say brandish means "to display all or part of" a gun or make the gun's "presence known . . . to another person, in order to intimidate the person, regardless of whether the" gun is or was "directly visible to that person." <u>See</u> 18 U.S.C. § 924(c)(4); U.S.S.G. § 1B1.1, comment.

- 14 -

(n.1(C)).  Noting that neither provision mentions "the word 'carry,'" Garay does admit that one can "carry a firearm and also brandish it at the same time," provided he "make[s] it known to the victim or witness that he . . . is in possession of a weapon for the purpose of intimidation."  He just thinks the facts here do not meet either the statutory or the guideline definition.

The problem for Garay is that the unobjected-to facts in the PSR reveal that he "entered" a "vehicle" during the carjacking "and sat on the passenger's seat while carrying a black shotgun" — facts we can and do take as true.  See, e.g., United States v. O'Brien, 870 F.3d 11, 19 (1st Cir. 2017).  And he fails to cite any caselaw — and we have found none — holding that such conduct does not amount to "display[ing] all or part of the" gun for statutory or guideline purposes.  That spells trouble for Garay:  because "plain error" is "an indisputable error . . . ., given controlling precedent," his challenge here necessarily comes up short.  See United States v. Morosco, 822 F.3d 1, 21 (1st Cir. 2016) (quotation marks omitted); see also Cheshire Med. Ctr. v. W.R. Grace & Co., 49 F.3d 26, 31 (1st Cir. 1995) (finding no plain error because, among other reasons, "no decision cited to us, and none of which we are aware," showed the obviousness of the alleged error).

As for Garay's argument that the judge relied on facts not in the record, nothing he says comes close to establishing plain error. In the section of his brief dealing with the brandishing issue, Garay first says the judge, in discussing all the relevant circumstances surrounding the crime's commission, "repeatedly" mentioned Minor 1's use of a silver handgun without stating the gun "was a toy" — Garay suggests the judge would have made a better sentencing decision absent that "oversight."[9] But devastating to Garay's claim, the judge signaled no signs of confusion about the gun's status — the judge relied on the PSR, a document that called the handgun a "[t]oy," and the prosecutor made sure the judge knew that fact at the end of the sentencing hearing. Garay also complains how the judge mentioned the threat to the male victim's life, a "fact," he writes, that appears "only . . . in the 'Offense Conduct' section of the PSR," not in the plea agreement or anywhere else — Garay again believes the judge would have gone easier on him absent the threat stuff. But because Garay did not object to the facts in the PSR, the judge "could treat the [threat] fact as true for sentencing purposes," see United States v. Ocasio-Cancel, 727 F.3d 85, 92 (1st Cir. 2013) —

---

[9] Garay does not say the shotgun was fake.

making this not the stuff of plain error (or error of any kind, actually).

*Local-Crime-Rate Issue*

After spending a couple of pages questioning whether lengthy sentences actually deter persons from committing crimes, Garay ends up arguing that his sentence is also procedurally unreasonable because (to his mind) the judge placed too much emphasis on the prevalence of gun violence in Puerto Rico and not enough emphasis on his individual characteristics. We see it differently.

Yes, as Garay argues, the judge did discuss community-based factors, like the pervasiveness of gun-related crimes in Puerto Rico. But the judge tied his discussion to the need for deterrence — a legitimate sentencing goal, no ifs, ands, or buts about that. See, e.g., United States v. Romero-Galindez, 782 F.3d 63, 73 (1st Cir. 2015); United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013). True, as Garay also notes, a judge can reversibly err by "focus[ing] too much on the community and too little on the individual." Flores-Machicote, 706 F.3d at 24. But nothing like that happened here.

Our review of the entire record (encompassing the judge's original sentencing analysis, which he incorporated by reference at resentencing) convinces us that the judge sentenced

- 17 -

Garay after considering the totality of the circumstances, with community-based concerns being just one part of the decisional calculus. At the original sentencing, for example, the judge touched on "Garay's characteristics and history (his youth, drug addiction, limited intellectual capacity, bouts with depression, *etc.*), the seriousness of the offense (noting [how] an accomplice of Garay had sexually assaulted one of the carjacked victims in Garay's presence)," as well as "the need to deter criminal conduct, protect the public, promote respect for the law, and deliver just punishment." See Garay-Sierra, 832 F.3d at 66. And at the resentencing, the judge discussed again just how serious Garay's crime was, in addition to discussing the need for deterrence. Our take then is that the judge acted quite properly under prevailing law. See United States v. Zapata-Vázquez, 778 F.3d 21, 23-24 (1st Cir. 2015) (finding no procedural error where the sentencer "underscored community characteristics, but not at the expense of also weighing the specific circumstances of [defendant's] case"). The bottom line is that we detect no error here, plain or otherwise.[10]

---

[10] In a different part of his brief, Garay suggests in a single sentence that the judge "focused" only "on one [sentencing] factor, to provide adequate general deterrence." But what we just wrote undercuts that claim. Hence we still see no error, let alone a plain one. See generally Garay-Sierra, 832 F.3d at 68 (noting that while "sentencers must consider the relevant § 3553(a) factors[,] . . . they need not give each factor equal billing"

*Sentencing-Disparity Issue*

We come then to the final facet of Garay's procedural-reasonableness claim, which, like the others, is not a winner for him.

After comparing sentences imposed by federal judges in Puerto Rico with sentences imposed by their colleagues across the country, Garay implies that his sentence implicates a national sentencing disparity. As we mentioned in a footnote many pages ago, § 3553(a)(6) tells courts "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" — a provision, our caselaw says, that is "aim[ed] primarily at the minimization of disparities among defendants nationally." See United States v. Martin, 520 F.3d 87, 94 (1st Cir. 2008). Garay, though, never explains how his situation is sufficiently similar to his proposed comparators —

_____

(quotation marks omitted)); United States v. Denson, 689 F.3d 21, 28 (1st Cir. 2012) (declaring that judges "need not mention every § 3553(a) factor nor intone any particular magic words," and they "certainly . . . need not give each factor equal billing"); see also generally United States v. Suárez–González, 760 F.3d 96, 101–02 (1st Cir. 2014) (emphasizing that balancing the relevant § 3553(a) factors "is precisely the function that a sentencing court is expected to perform"); United States v. Carrasco-De-Jesús, 589 F.3d 22, 29 (1st Cir. 2009) (stressing that "[a] criminal defendant is entitled to a weighing" of pertinent factors, "not to a particular result").

proving yet again that he cannot succeed on plain-error review. See Flores-Machicote, 706 F.3d at 24-25.

And that is that.

### FINAL WORDS

Having worked through Garay's claims, we *affirm* his sentence.